JNO. DUNLOP'S SONS, INC., Respondent, v. FRANK ALPREN and Another, Doing Business as ALPREN BROS., Appellants.

Third Department, November 12, 1925.

**Sales** — action to recover purchase price — goods were shipped by express in accordance with terms of contract — defendants refused to accept goods from express company — plaintiff thereafter demanded and received possession of goods from express company, but did not hold them for defendants nor sell them for defendants' credit — plaintiff thereby rescinded sale — plaintiff's remedy is action for breach of contract under Personal Property Law, § 142 — plaintiff cannot sue for purchase price.

The plaintiff, who sold goods to the defendants and shipped them to the defendants by express, in accordance with the terms of the contract of sale, cannot maintain an action to recover the purchase price, based on the refusal of the defendants to accept the goods from the express company, since it appears that after the defendants refused to accept the goods the plaintiff demanded and received possession thereof from the express company but failed to hold the goods subject to the order of the defendants and to notify them to that effect, and did not sell the goods for the defendants' credit.

Under the circumstances, the acts of the plaintiff amounted to a rescission of the sale and transfer of title, and plaintiff's only remedy, therefore, is to recover damages for breach of contract under section 142 of the Personal Property Law.

APPEAL by the defendants, Frank Alpren and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 2d day of February, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of February, 1925, denying the defendants' motion for a new trial made upon the minutes.

*Herman C. Pollack,* for the appellants.

*Henry Woog* [*Max Ash* and *Andrew J. Hammer* of counsel], for the respondent.

Van Kirk, J.:

The action is brought to recover the purchase price of 300 pieces of crepe de chene, containing about 60 yards per piece, and it is conceded that, in the 300 pieces, there were 17,931⅓ yards. The contract price was one dollar per yard. The jury rendered a verdict for the whole amount.

The defendants gave to plaintiff a written order for the goods. The plaintiff immediately confirmed the order and in the confirmation stated: "This order has been sent to the Mill as herein stated. If not correct in every particular, please advise at once." The defendants made no reply. There was a valid contract between the parties for the purchase and sale of the goods.

These goods were delivered to the defendants by delivering them to the express company in accord with the terms of the contract. The plaintiff alleges: "Thereupon defendant notified plaintiff that it would not accept said merchandise for the reason assigned by defendant, that it claimed that similar merchandise, delivered by plaintiff under another and distinct contract, was defective." It is undisputed that, on or about February 28, 1925, the goods were tendered to the defendants by the express company and the defendants refused to accept them. On or about March 4, 1924, the plaintiff demanded the goods from the express company, received and took possession of them. On the sixth day of March a paper, having printed at the top thereof "credit memorandum" was sent to the defendants by some one in plaintiff's office, in which paper it was stated "entire bill refused." Whether or not this was a credit memorandum, it does show that plaintiff's office received notice that defendants refused to accept the goods. This accords with the allegation of the complaint above quoted. There is dispute and uncertainty as to what has become of these goods. When asked upon the oral argument what had become of these goods plaintiff's attorney said in substance that his information was that the goods had been replaced and mingled without distinction with plaintiff's stock of goods and may or may not have been sold. But it is undisputed that, after the delivery, plaintiff resumed possession of the goods, never gave any notice that it held the goods subject to the order of the defendants and in fact never has so held them; nor has it sold them for the defendants' credit. The plaintiff demanded the goods from the express company and assumed possession after the defendants had refused

to accept them. These acts of the plaintiff were a rescinding of " the transfer of title; " a rescinding of the sale. They were overt acts showing the plaintiff's intent to rescind and thereupon it was authorized to maintain an action for damages for breach of the contract. (Pers. Prop. Law, § 142, as added by Laws of 1911, chap. 571, known as the Sales of Goods Act.) Although the goods had once been delivered to the defendants, when the plaintiff rescinded the transfer of title and thus assumed the property in the goods, it stood in position as if there had never been delivery or transfer of title and the property in the goods had never passed to the buyer. It cannot then maintain an action for the price of the goods. (Pers. Prop. Law, §§ 142, 144, as added by Laws of 1911, chap. 571.)

The allegations of the complaint are appropriate only for a cause of action to recover the entire purchase price; they are not appropriate to an action to recover damages for breach of contract.

The judgment should, therefore, be reversed and the complaint dismissed, with costs to the appellant.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.