Before STATE INDUSTRIAL BOARD, Respondent    LOUIS FLORICK, Respondent, v. BROAD WINDOW CLEANING COMPANY and Another, Appellants.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent.    RICHARD MALONE, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent.    SOLOMON COHEN, Respondent, v. CHAMBERS BROTHERS and Another, Appellants.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent.    FRANK DI CARLO, Respondent, v. ELMWOOD CONSTRUCTION COMPANY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that reduction of vision previous to the accident should have been taken into account in fixing the percentage of loss of use of the eye due to the accident, under Workmen's Compensation Law, section 15, subdivision 7, and on the authority of *Ladd* v. *Foster Bros. Mfg. Co.* (205 App. Div. 794); *Lewis* v. *Lincoln Engineering Corp.* (213 id. 545) and *Przekop* v. *Ramapo Ajax Corp.* (214 id. 512). All concur.

Before STATE INDUSTRIAL BOARD, Respondent.    FLORENCE HINLEY, Respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the injury to the claimant's right leg was not proven or found to be other than a temporary disability; that this disability was present during the period when claimant was being paid compensation for the loss of her left leg; that an award for the right leg cannot be appended to an award for the left leg, the former to begin when the latter ended; that the two injuries constituted but one disability to work; that the award for the left leg was for more than $3,500; that the sum so awarded and paid must be considered in connection with the injury to the right leg; that, so considered, the claimant may not receive further compensation on account of such temporary disability; that the case of *Matter of Marhoffer* v. *Marhoffer* (220 N. Y. 543) precludes the claimant from receiving compensation for the injury to her right leg. All concur.

SCHENECTADY HOLDING COMPANY, INC., Respondent, Appellant, v. EDWARD B. ASHTON, Appellant, Respondent, Impleaded with Another, Defendant.— Judgment modified by directing that, in addition to the payment of the sum of $92,378.87 by plaintiff to the defendant Edward B. Ashton, there be also paid interest on the various payments for taxes and insurance premiums made by the said defendant, as set forth in finding number 66, such interest to be computed from the respective dates of such payments; also interest on the sum of $65,000 from September 1, 1922; and as so modified judgment unanimously affirmed, without costs.

JNO. DUNLOP'S SONS, INC., Respondent, v. FRANK ALPREN and Another, Individually and Doing Business as ALPREN BROS., Appellants.— Decision amended to read as follows: " Judgment (except in so far as it dismisses the defendants' counterclaim) and order reversed on the law, and complaint dismissed, with costs, and in so far as it dismisses the defendants' counterclaim the judgment is affirmed. Opinion by Van Kirk, J. All concur." [Reported in 214 App. Div. 339.] The order heretofore entered is hereby amended to conform to the decision as thus amended.