In the Matter of the Claim of MATILDA ERICKSON, Respondent, against MAX PREUSS et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award for facial disfigurement — when such award does not preclude award for diminished earning power.**

Where claimant suffered a severe laceration of the scalp and serious facial disfigurement from her hair being caught in the revolving shaft of a machine at which she was working, an award may properly be

made for the facial disfigurement (Workmen's Compensation Law, § 15, subd. 3; Cons. Laws, ch. 67; amd. L. 1916, ch. 622), and the impairment of her earning power not being then known or ascertainable, her claim for compensation on that ground may be continued for a further hearing. Concurrent awards may be made, one for serious facial or head disfigurement, and one for disability or loss of earning power. If so made, it should clearly appear that the award for disfigurement does not include anything for diminished earning power, and where, as in this case, it does so appear the award should be affirmed.

*Matter of Erickson* v. *Preuss*, 183 App. Div. ——, affirmed.

(Argued April 26, 1918; decided May 7, 1918.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 14, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William H. Foster, T. Carlyle Jones* and *James B. Henney* for appellants. The theory of the New York law is not indemnity for loss of a member or physical impairment as such, but compensation for disability to work made on the basis of average weekly wages. (*Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Winfield*, 216 N. Y. 284; *N. Y. C. R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Jensen*, 215 N. Y. 514.) The commission has no power to make an award for disability and disfigurement as they are concurrent awards. (*Fredenburg* v. *Empire United Railways, Inc.*, 168 App. Div. 618; *Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Timon* v. *Blair*, 181 Mich. 76.)

*Merton E. Lewis,* Attorney-General (*E. C. Aiken* of counsel), for respondent. The award for facial disfigurement was not made for disability but properly separate and distinct therefrom. (*Shinnick* v. *Clover Farms Co.*, 169 App. Div. 236; *Stevenson* v. *Ill. Watch Case Co.*, 186

Ill. App. 418; *Waters v. Peckroehler Mfg. Co.,* 187 Ill. App. 548.)

*Per Curiam.* On the 16th day of August, 1916, the claimant was employed by one Max Preuss in a laundry operated by him. While thus employed, on the day named, a revolving shaft attached to an electrically operated washing machine caught her hair and she sustained very serious injuries, including an extensive laceration of the scalp. Her injuries resulted, among others, in a serious facial disfigurement, the nature of which, according to the findings of the commission, consisted of a long scar commencing at the top of the right ear, crossing the temple, "following the upper orbital margin down to the center of the bridge of the nose, thence along the left orbital margin across the left temple to the top of the left ear. This scar draws the skin into large folds at the inner angle of each eye."

At a hearing had before the commission, on the 20th of September, 1917, an award of $1,000 was made to her for the facial disfigurement, and the impairment of her earning power not being then known or ascertainable, her claim for compensation on that ground was continued for a further hearing. The employer and the insurance carrier appealed to the Appellate Division from the determination of the commission awarding $1,000 for the facial disfigurement. The Appellate Division affirmed the award and they now appeal to this court.

Subdivision 3 of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67), among other things, provides: "In case of an injury resulting in serious facial or head disfigurement the commission may in its discretion, make such award or compensation as it may deem proper and equitable, in view of the nature of the disfigurement, but not to exceed three thousand five hundred dollars." The provision quoted was added to subdivision 3 of

section 15 in 1916. (Chap. 622.) Prior to this enactment the theory of the Workmen's Compensation Law was not indemnity to a workman for loss of a member or physical impairment as such, but compensation for disability to work made on the basis of average weekly wages. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.*, 216 N. Y. 284.) The amendment of 1916, however, so far as facial or head disfigurement is concerned, is a departure from or modification to that extent of the prior theory upon which an award was based. The entire matter of awards under the Workmen's Compensation Law is committed to legislative discretion. (*Matter of Marhoffer* v. *Marhoffer, supra; Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.) The commission may now make an award for serious facial or head disfigurement, even though such disfigurement does not diminish or impair the earning capacity of the claimant. The amount is to be such as the commission deems proper and equitable, in view of the disfigurement, not exceeding $3,500.

Concurrent awards may be made, one for serious facial or head disfigurement, and one for disability or loss of earning power. If so made, then it should clearly appear that the award for facial or head disfigurement does not include anything for diminished earning power. We think that fact does here so appear.

The order of the Appellate Division should, therefore, be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and MCLAUGHLIN, JJ., concur.

Order affirmed.