250 U.S. 596 (1919)
NEW YORK CENTRAL RAILROAD COMPANY
v.
BIANC.
AMERICAN KNIFE COMPANY ET AL.
v.
SWEETING.
CLARK KNITTING COMPANY, INC., ET AL.
v.
VAUGHN.
Nos. 374-376.
Supreme Court of United States.
Argued October 22, 23, 1919.
Decided November 10, 1919.
ERROR TO THE SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, OF THE STATE OF NEW YORK.
Mr. Robert E. Whalen, with whom Mr. Frank V. Whiting was on the brief, for plaintiff in error in No. 374.
Mr. E.C. Aiken, Deputy Attorney General of the State of New York, with whom Mr. Charles D. Newton, Attorney General of the State of New York, was on the briefs, for the State Industrial Commission.
*600 MR. JUSTICE PITNEY delivered the opinion of the court.
The Workmen's Compensation Law of the State of New York (c. 816, Laws 1913, as amended and reenacted by c. 41, Laws 1914; Cons. Laws, c. 67), which was sustained by this court against attacks based upon the Fourteenth Amendment in New York Central R.R. Co. v. White, 243 U.S. 188, was amended by Laws 1916, c. 622, among other things by inserting in the 15th section, which contains the schedule of compensation for cases of disability, a clause reading as follows: "In case of an injury resulting in serious facial or head disfigurement the commission may in its discretion, make such award or compensation as it may deem proper and equitable, in view of the nature of the disfigurement, but not to exceed three thousand five hundred dollars."
The present writs of error bring up for review three judgments of the Court of Appeals of that State, affirming orders of the Supreme Court, Appellate Division, Third Judicial Department, in which awards based upon this amendment were sustained. The opinion of the Court of Appeals, applicable to all of the cases, is reported under the title of Matter of Sweeting v. American Knife Co., 226 N.Y. 199.
In each case the Commission found accidental injuries sustained by an employee in a hazardous occupation, arising out of and in the course of the employment, and, as a result of the injury, some serious facial or head disfigurement, or both. In each case an award was made on account of such disfigurement irrespective of the allowance of compensation according to the schedule based upon the average wage of the injured employee and the character and duration of the disability.
The sole contention here is that the amendment of 1916, as thus carried into effect, deprives the respective plaintiffs *601 in error of property without due process of law, in contravention of the Fourteenth Amendment.
The argument is that an award for disfigurement, made wholly independent of claimant's inability to work, is not based upon impairment of earning power; that only such impairment can justify imposing upon an employer without fault compulsory payment by way of compensation to an injured workman; and hence that the "disfigurement clause" is not a reasonable exercise of the police power, but is arbitrary and oppressive.
In view of our recent decisions sustaining state laws imposing upon employers in the hazardous industries responsibility in one form or another for the consequences of injuries received by employees in the course of the employment in the absence of fault on the employer's part (New York Central R.R. Co. v. White, 243 U.S. 188; Mountain Timber Co. v. Washington, 243 U.S. 219; Arizona Employers' Liability Cases, ante, 400), little need now be said.
Even were impairment of earning power the sole justification for imposing compulsory payment of workmen's compensation upon the employer in such cases, it would be sufficient answer to the present contention to say that a serious disfigurement of the face or head reasonably may be regarded as having a direct relation to the injured person's earning power, irrespective of its effect upon his mere capacity for work.
Under ordinary conditions of life, a serious and unnatural disfigurement of the face or head very probably may have a harmful effect upon the ability of the injured person to obtain or retain employment. Laying aside exceptional cases, which we must assume will be fairly dealt with in the proper and equitable administration of the act, such a disfigurement may render one repulsive or offensive to the sight, displeasing, or at least less pleasing, to employer, to fellow employees, and to patrons or customers. *602 See Ball v. Wm. Hunt & Sons, Ltd., [1912] App. Cas. 496.
But we cannot concede that impairment of earning power is the sole ground upon which compulsory compensation to injured workmen legitimately may be based. Unquestionably it is a rational basis, and it is adopted for the generality of cases by the New York law. But the Court of Appeals has construed the 1916 amendment as permitting an allowance for facial or head disfigurement although it does not impair the claimant's earning capacity. Matter of Erickson v. Preuss, 223 N.Y. 365, 368; and see opinion of Judge Cardozo in the present case, 226 N.Y. 199, 200. In view of this, and there being no specific finding of such impairment in these cases, it is proper to say that in our opinion the "due process of law" clause of the Fourteenth Amendment does not require the States to base compulsory compensation solely upon loss of earning power.
The New York law as at first enacted, the Washington, and the Arizona laws presented for our consideration three different methods adopted for the purpose of imposing upon the industry the burden of making some compensation for the human wastage attributable to the hazards of the work. We were unable to find that any of these ran counter to the "due process" clause. Nor does that provision debar a State from adopting other methods, or a composite of different methods, provided the result be not inconsistent with fundamental rights. As was stated in the Arizona Case, ante, 429: "If a State recognizes or establishes a right of action for compensation to injured workmen upon grounds not arbitrary or fundamentally unjust, the question whether the award shall be measured as compensatory damages are measured at common law, or according to some prescribed scale reasonably adapted to produce a fair result, is for the State itself to determine." And we see no constitutional reason why a State may not, *603 in ascertaining the amount of such compensation in particular cases, take into consideration any substantial physical impairment attributable to the injury, whether it immediately affects earning capacity or not.
For the reasons thus outlined, it was not unreasonable, arbitrary, or contrary to fundamental right to embody in the New York Workmen's Compensation Law a provision for a special allowance of compensation for a serious disfigurement of the face or head. Nor is there any ground for declaring that the allowance prescribed by the 1916 amendment exceeds the constitutional limitations upon state power.
Whether an award for such disfigurement should be made in combination with or independent of the compensation allowed for the mere inability to work is a matter of detail for the State to determine. The same is true of the question whether the compensation should be paid in a single sum, or in instalments. Arizona Employers' Liability Cases, ante, 400, 429.
Judgments affirmed.
MR. JUSTICE McREYNOLDS dissents.