Before STATE INDUSTRIAL BOARD, Respondent.

ROBERT P. LADD, Claimant, Appellant, *v.* FOSTER BROS. MANUFACTURING COMPANY and Another, Respondents.

Third Department, June 19, 1923.

**Workmen's compensation — injury to eye — eye had only light perception before accident — award improperly made for loss of eye — no percentage allowance could be made under Workmen's Compensation Law, § 15, subd. 3 — claimant may recover award for loss of earning power and facial disfigurement under Workmen's Compensation Law, § 15, subd. 3.**

A claimant is not entitled to an award for the loss of his right eye which was removed following an injury thereto, where it appears that prior to the accident the eye had light perception only and that the claimant was practically blind in that eye.

A percentage allowance cannot be made under subdivision 3 of section 15 of the Workmen's Compensation Law since claimant's previous disability was equivalent to the loss of the eye.

However, the claimant may have suffered a permanent loss of earning power by virtue of the loss of light perception and he may have suffered serious facial disfigurement for which the State Industrial Board may make an award under subdivision 3 of section 15 of the Workmen's Compensation Law, and the claim is remitted for further consideration of those questions.

APPEAL by the claimant, Robert P. Ladd, from a decision of the State Industrial Board, made on the 13th day of July, 1922, denying claimant an award for the loss of an eye.

*R. S. Johnson,* for the appellant.

*Hart & Senior* [*A. G. Senior* and *John J. McGinty* of counsel], for the defendants, respondents.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

HINMAN, J.:

The State Industrial Board has found that on December 27, 1920, while the claimant was engaged in the regular course of his employment in the factory of his employer, a foreign substance struck him in his right eye thereby causing inflammation which necessitated the removal of the eye; that prior to the injury thus sustained the claimant had no useful vision of said right eye.   An award was made for temporary disability for a period of slightly over three weeks and the Board made the following decision: "Award for the loss of right eye is hereby denied to Robert P. Ladd on the ground that he had loss of use of right eye prior to the date of the accident, and at the time of the injury he had only light perception, and had no earning power in the said right eye previous to the injury, which he sustained on December 27, 1920." It is undisputed that the claimant had only light perception at the time of his injury.   Seven or eight years prior to this accident the eye had been injured in a similar manner.   There was some testimony of the claimant tending to show that he had been advised by a physician after his first accident that an operation would restore the sight of his lost eye but that he had been advised not to have the operation unless he lost the sight of his left eye.   This was not substantiated, however, by the physician named by the claimant as the one who had so informed him.   We assume from the finding of the State Industrial Board, of no useful vision of said right eye prior to the second accident, that the Board found against the claimant upon the latent possibility that vision might have been restored by such an operation.   The claimant testified that prior to the second accident he had light perception sufficient to distinguish daylight from darkness, to see his hand when it passed in front of him, to tell a man from

a horse, to see an automobile, street car or other object sufficiently to prevent contact with them. While the claimant has apparently suffered a distinct loss and an injury resulting in great pain which has continued since the removal of his eye and which has necessitated several purchases of artificial eyes due to breakage and has apparently been compelled to work at reduced wages because of his fear of the loss of his other eye in a similar manner if he returns to his former employment, nevertheless, it would seem that the State Industrial Board has reached a proper conclusion in denying an award for the loss of an eye. Subdivision 6 of section 15 of the Workmen's Compensation Law provides as follows: " The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury, provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability." In conjunction with the previous disability of claimant, he has lost an eye but under the above provision of the statute the Board cannot allow compensation in excess of that allowed for the later injury " when considered by itself." Considering the loss which the claimant has sustained " by itself and not in conjunction with the previous disability," the testimony affords no opportunity to make even a percentage allowance for loss of vision. Subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1920, chaps. 532, 533) provides: " The loss of eighty per centum of the vision of the eye shall be considered to be the equivalent of the loss of the use of the eye and the loss of binocular vision shall be considered to be equivalent to the loss of one eye." It is quite apparent that claimant's previous disability was, under the statute, equivalent to the loss of the eye and that no allowance could now be made for even the loss of any percentage of vision of the eye which at the time of the second injury had only light perception and according to the finding of the Board had no useful vision from the standpoint of earning power. He was practically blind in that eye.

We think, however, that the claimant may have suffered a permanent loss of earning power by virtue of his loss of light perception, which question the referee distinctly disclaimed to decide and we are also of the opinion that the claimant may have suffered

a serious facial disfigurement for which the Board may in its discretion make an award. (Workmen's Compensation Law, § 15, subd. 3.) " The Commission may now make an award for serious facial or head disfigurement, even though such disfigurement does not diminish or impair the earning capacity of the claimant." (*Matter of Erickson* v. *Preuss*, 223 N. Y. 365, 368.) And where there has been a disability or loss of earning power " concurrent awards may be made, one for serious facial or head disfigurement, and one for disability or loss of earning power." (*Matter of Erickson* v. *Preuss*, *supra*, 368.)

The decision denying an award for loss of an eye should be affirmed, without costs, but the claim should be remitted to the State Industrial Board for further consideration of the questions of disfigurement and loss of earning power.

H. T. KELLOGG, Acting P. J., and HASBROUCK, J., concur; VAN KIRK, J., concurs in result.

Decision affirmed, without costs, but claim remitted for further consideration in accordance with opinion.