Before STATE INDUSTRIAL BOARD, Respondent.

KATE CLARK, Claimant, Respondent, *v.* E. F. HAYES and Others, Appellants.

Third Department, January 9, 1924.

Workmen's compensation — award for facial or head disfigurement under Workmen's Compensation Law, § 15, subd. 3, is not permissible where award has been made for permanent total disability under § 15, subd. 1.

The State Industrial Board cannot make an independent award for facial or head disfigurement under subdivision 3 of section 15 of the Workmen's Compensation Law where an award has been made to the claimant based on permanent total disability under subdivision 1 of section 15 of said law.

APPEAL by the defendants, E. F. Hayes and others, from so much of an award of the State Industrial Board, made on the 2d day of April, 1923, as allows the claimant the sum of $400 for serious facial disfigurement in addition to an award for permanent total disability because of the loss of vision of both eyes.

*William A. Earl [John Vernou Bouvier, Jr.,* and *Harold R. Medina* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

This appears to be the first case coming before this court involving an award for facial or head disfigurement where an award has also been made for permanent total disability. There have been cases where a partial disability was involved. (*Matter of Sweeting* v. *American Knife Co.,* 226 N. Y. 199; affd., 250 U. S. 596; *Matter of Bianc* v. *New York Central R. R. Co.,* 226 N. Y. 586; *Matter of Vaughn* v. *Clark Knitting Co., Inc.,* Id. 586.) In *Matter of Erickson* v. *Preuss* (223 N. Y. 365) the extent of impairment of earning power was not then known and claim for compensation on that ground was continued by the Commission for a further hearing. No question of constitutionality was raised on appeal. The sole question was one of statutory construction, namely, whether an award for disfigurement was within the contemplation of the Legislature where no diminution of earning capacity was involved. The court said (*supra,* p. 368): " The Commission may now make an award for serious facial or head disfigurement, even though such disfigurement does not diminish or impair the earning capacity of the claimant. * * * Concurrent awards may be made, one for serious facial or head disfigurement, and one for disability or loss of earning power." The other three cases mentioned above were considered concurrently by the Court of Appeals and an opinion was written in *Matter of Sweeting* v. *American Knife Co. (supra).* Appeal was also taken to the United States Supreme Court in those three cases, the opinion of that court being written and reported in 250 United States, 596. There was not unanimity of opinion. CARDOZO, J., writing an opinion, in which McLAUGHLIN and ANDREWS, JJ., concurred, stated: " The statute would stand, therefore, though facial disfigurement were unrelated to loss of earnings." HISCOCK, Ch. J., and POUND, J., concurred in result in memorandum by POUND, J., in which the latter said: " Compensation awarded to the employee under the Workmen's Compensation Law is based on loss of earning power. An allowance for serious

facial or head disfigurement so far as such disfigurement has no relation to disability, is an anomaly." CHASE and HOGAN, JJ., voted to remit the case to the Industrial Commission for further hearing because of absence of findings showing that disfigurement had resulted in loss of earning power or of ability to obtain employ-' ment. We thus find that in the *Sweeting* case, which is the most recent pronouncement upon this subject, there were four judges out of seven who were of the opinion that an award for disfigurement is related to loss of earning capacity. POUND, J., writing in the *Sweeting Case* (*supra*) intimated that an extension of the theory of our Workmen's Compensation Law beyond the scope of impairment of earning power would introduce a new and difficult problem under the due process clause of the Fourteenth Amendment of the United States Constitution. (Citing the opinion of the United States Supreme Court in *New York Central R. R. Co.* v. *White*, 243 U. S. 188, 202, 203.) PITNEY, J., however, writing for the United States Supreme Court in the *Sweeting Case* (250 U. S. 596) disposes of that question of legislative power and says: " But we cannot concede that impairment of earning power is the sole ground upon which compulsory compensation to injured workmen legitimately may be based. Unquestionably it is a rational basis, and it is adopted for the generality of cases by the New York law. But the Court of Appeals has construed the 1916 amendment* as permitting an allowance for facial or head disfigurement although it does not impair the claimant's earning capacity. *Matter of Erickson* v. *Preuss*, 223 N. Y. 365, 368; and see opinion of Judge CARDOZO in the present case, 226 N. Y. 199, 200. In view of this, and there being no specific finding of such impairment in these cases, it is proper to say that in our opinion the ' due process of law ' clause of the Fourteenth Amendment does not require the States to base compulsory compensation solely upon loss of earning power." The United States Supreme Court has thus passed upon the constitutional question as to the power of the Legislature to provide for a separate award for facial disfigurement unrelated to loss of earning capacity upon the assumption that the Court of Appeals of this State has construed the 1916 amendment as permitting such an award. The question before us thus becomes one of statutory construction.

The injury in this case occurred on October 5, 1922, which was after the Workmen's Compensation Law of 1922 took effect. Subdivision 1 of section 15 of said Workmen's Compensation

---

* See Workmen's Compensation Law of 1914, § 15, subd. 3, as amd. by Laws of 1916, chap. 622. Re-enacted as amd. by Laws of 1917, chap. 705, and Laws of 1920, chaps. 532, 533; now Workmen's Compensation Law of 1922, § 15, subd. 3, ¶ t.— [REP.

Law relates to permanent total disability. It provides for compensation to be paid during the continuance of such total disability. Presumably compensation paid under this subdivision will be continued during the natural life of the employee. Subdivision 2 of section 15 relates to temporary total disability. Compensation is payable under this subdivision during the continuance of the disability. Presumably the total disability under this subdivision will be a matter of temporary duration after which the injured employee may be entirely restored or may continue to have a disability which is partial in character or kind and permanent in quality or duration. Subdivision 3 of section 15 relates to permanent partial disability. Paragraph " t " of this subdivision is the statutory authority which permits the Board to award compensation for facial or head disfigurement. It is the contention of the appellants here that the Legislature has signified its intention to permit an award for such disfigurement only as an element of permanent partial disability, like the loss of an arm, a leg or a hand; and that where an award is made for permanent total disability under subdivision 1 of section 15, the legislative assumption is that such an award includes every element of disability, permitting him to recover two-thirds of his average weekly wages during the continuance of his disability and presumably for life. Surely we should give some effect to this legislative classification. Had the Legislature intended that this particular item of permanent partial disability could be made the subject of an additional award in a case of permanent total disability, it could very readily have evidenced such an intention. It appears to have evidenced the contrary. No other item of permanent partial disability, such as the loss of a hand, arm or leg, would be separately allowed concurrently with an award for permanent total disability. If so, the result would be an overlapping of awards and possibly a double award for the same elements. The very disabilities which would constitute the elements justifying a finding of permanent total disability under subdivision 1, would in many cases be the loss of the very members of the body for which allowance would be made specifically under subdivision 3. No such liberal rule has been sanctioned in this State. It has been held contrary to the general policy of our Workmen's Compensation Law to permit overlapping awards. (*Matter of Fredenburg* v. *Empire United Railways, Inc.,* 168 App. Div. 618; *Matter of Marhoffer* v. *Marhoffer,* 220 N. Y. 548.) In the latter case the Industrial Commission made an award of compensation for temporary total disability for eight weeks and also awarded the claimant compensation for an additional period of thirty weeks

for the loss of a finger, to begin at the expiration of the eight weeks' period. The question was whether the Commission properly awarded consecutive compensation, first, during temporary disability and thereafter for the full period for the permanent injury. The Court of Appeals held that it was not the legislative intent to permit concurrent or consecutive compensation and the award for temporary total disability was reversed. While this was held to be the general policy of the statute, in the later case of *Erickson* v. *Preuss* (*supra*) the Court of Appeals held that the provision for facial or head disfigurement was a departure from or modification to that extent of the prior theory upon which an award was based. The court said: "Concurrent awards may be made, one for serious facial or head disfigurement, and one for disability or loss of earning power." When we consider, however, the division of the Court of Appeals in *Matter of Sweeting* v. *American Knife Co.* (*supra*), the attitude of a majority of the judges inferentially reversing the theory expressed in the opinion in the *Erickson Case* (*supra*), we conclude that the latter case is no longer binding. We think both on authority and as a matter of statutory construction an award for disfigurement cannot be made in addition to one for permanent total disability.

The award should be modified by striking out the allowance of $400 for facial or head disfigurement and as so modified affirmed, without costs.

Award modified by striking out the allowance of $400 for facial or head disfigurement and as so modified unanimously affirmed, without costs.