In the Matter of the Claim of JOSEPH NYCZ, Respondent, against BUFFALO BODY CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

Workmen's compensation — award — claimant's injury caused loss of sensation in fingers — this prevented claimant working as aluminum finisher — schedule award should have been made under Workmen's Compensation Law, § 15.

Claimant, an aluminum finisher, suffered an injury to his right elbow which became infected and in turn injured the ulnar nerve and as a result claimant lost sensation in the right forearm, the wrist, and part of the palm, and the second, third and fourth fingers of the right hand.  The injury prevented the claimant from working as an aluminum finisher which required the use of the sensation of the fingers, but he can do other kinds of work.

A schedule award should have been made, for a disability due solely to the loss, or loss of use, of a member does not justify an award other than as fixed by a schedule pursuant to section 15 of the Workmen's Compensation Law.

APPEAL by Buffalo Body Corporation and another from an award of the State Industrial Board, made on the 27th day of December, 1926.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.  The award covers a period from August 4, 1926, to December 27, 1926.  It is opposed on the ground that the injuries are confined to the right arm below the elbow and three fingers of the right hand; consequently a schedule award for partial loss of use of the hand should be made; and on the further ground that claimant's earning capacity was not properly determined.

The injuries were sustained October 28, 1922.  Compensation has been paid voluntarily to the amount of $3,500.  The employers are manufacturers of automobile bodies.  Claimant was an aluminum finisher.  While working, the tool in his hand slipped, causing his right elbow to strike against an automobile body.  This occa-

sioned an injury to the elbow, which became infected.  The infection in turn injured the ulnar nerve and as a result he suffered anæsthesia, a loss of sensation in the right forearm, the wrist, a part of the palm, and in the second, third and fourth fingers of the right hand along the course of this ulnar nerve.  The Industrial Board has found that this anæsthesia has resulted in total or partial disability from October 28, 1922, to August 4, 1926, " on which latter date claimant became permanently partially disabled from performing the highly specialized work of sliding his hand over surfaces to detect minute rough spots in the aluminum bodies of automobiles, which work claimant was engaged in at the time of the accident herein; said permanent partial disability being classified under section 15, subdivision 3, paragraph u, of the Workmen's Compensation Law  *  *  *.''  To perform his work it was essential that claimant have a keen sense of feeling in the surface of his hand and fingers.  Any irregularities upon the finished surface are determined by feeling rather than sight.  His loss is not of a member, but of the use of a member, and, so far as the record shows, is confined to the loss of use of his right hand, and his right arm, or part of it, is affected.  There is no loss of motion in any joint of his arm or hand.  The only evidence in the case which indicates any injury above the elbow of the right arm is his statement to Dr. May that the whole arm hurts and pain extends into the upper arm and neck; and his own testimony that he tried to work at the Pierce Arrow shops, where he worked one day.  " The next day I couldn't work because my arm hurt me so much, I couldn't move it at all."  This indicates an arm injury only.  He is totally disabled from doing his regular work as aluminum finisher because of the injury to his arm and hand, but he can do other kinds of work.  He has not sustained a protracted temporary total disability.  Nor has he sustained any injury or disability which was not the result of the injury to the arm.  The proof could not justify other than a schedule award.  A disability due solely to the loss, or loss of use, of a member does not justify an award other than as fixed by a schedule. (Workmen's Compensation Law, § 15, subd. 3, ¶¶ o, r, s; Id. § 15, subd. 4-a, as added by Laws of 1924, chap. 500; *Matter of Stein* v. *Topol*, 217 App. Div. 797.)

The award should be reversed and the claim remitted to determine the compensation to be paid in harmony with this opinion.

COCHRANE, P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, to determine the compensation to be paid in harmony with the opinion.