In the Matter of the Claim of FRED FREELAND, Respondent, against ENDICOTT FORGING AND MANUFACTURING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 18, 1931.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, and *Roy Wiedersum* of counsel], for the respondents.

Van Kirk, P. J.   After the appeal was taken in this case amended findings were made.   It is stipulated that the appellants present but two propositions:

1. That the Industrial Board must rescind the award for serious facial disfigurement for $1,500, previously made and paid, and give credit to the appellants for such amount against the award for decreased earnings.

2. That the Industrial Board has failed to give the proper credit for earning capacity as required by the authorities.

The first question arises under subdivision 3 of section 15 of the Workmen's Compensation Law.   This subdivision has not been changed in any respect material here, except that a new paragraph has been inserted.   (Laws of 1929, chap. 301.)   This new paragraph is lettered " u " and the old paragraph u has been relettered v.

The accident happened in 1919.   Schedule awards had been made for loss of one eye and for facial disfigurement.   These awards were paid.   Thereafter the case was opened and further hearings had, after which the award now appealed from was made under the old paragraph u.   In this award the former award for loss of one eye was rescinded and the carrier was credited with the amount paid.   The Board refused to rescind the facial disfigurement award.   Thus arises the first question.

The facial disfigurement award should be rescinded and the carrier credited with the $1,500 allowed.   Subdivision 3 of section 15 is the authority for all awards classified as " permanent partial disability."   It covers all the awards that may be made for loss or loss of use of members of the body, together with the old paragraph u providing for " other cases."   It reads as follows: " In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Board on its own motion or upon application of any party in interest."   This paragraph covers all cases in this class of disability which cannot be fully compensated by separate schedule awards.   An award for serious facial disfigurement under paragraph t of subdivision 3 may be made in connection with other awards for loss or loss of use of members under any paragraph of this subdivision.   But such award may not be made in case of permanent total disability.   (*Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199; *Clark* v. *Hayes*, 207 App. Div. 560; affd., 238 N. Y. 553.)   Nor may such award

be made in connection with an award under the "other cases" paragraph. An award for facial disfigurement is based upon earning capacity. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Clark* v. *Hayes, supra; Matter of Sweeting* v. *American Knife Co., supra.*) An "other cases" award covers all loss of earning capacity which has been sustained. The burden of an award must be reasonable. (*Matter of Sweeting* v. *American Knife Co., supra.*) It would not be reasonable that some award should be made in addition to one which provides full compensation for such loss of earning capacity. The "other cases" paragraph on the one hand and the preceding paragraphs on the other are mutually exclusive. (*Matter of Nycz* v. *Buffalo Body Corp.*, 221 App. Div. 620.) An award for loss of a hand, foot or leg could not be made in addition to an award for permanent partial disability. We can find no sufficient reason why an exception should be made in favor of paragraph t. The statute, paragraph v, does not disclose such exception; in common speech its language does not permit it. "Other cases" mean cases other than those provided for in the preceding "paragraphs a to t, both inclusive." The present paragraph u discloses this to be the intent of the Legislature. It reads: "In any case in which there shall be a loss or loss of use of more than one member or parts of more than one member set forth in paragraphs a to t, both inclusive, of this subdivision, but not amounting to permanent total disability, the Board shall award compensation for the loss or loss of use of each such member or part thereof, which awards shall run consecutively." By this paragraph it is intended that in cases of multiple injuries to members, including "facial disfigurement," an award shall be made under it, whenever full compensation for the injuries sustained may so be had. But when an award under the present paragraph v is made, no award under "paragraphs a to t, both inclusive" shall be imposed thereon. That the present award was properly made under paragraph v is not questioned.

We, therefore, conclude that the employer and carrier should be credited with the amount of the award made and paid for facial disfigurement.

The second objection applies to the first item of the award only, covering the period from July 10, 1919, to October 1, 1922, a period of 168 3/6ths weeks at the rate of $15 per week, the maximum compensation that in 1919 could be made. (Workmen's Comp. Law, § 15, subd. 5, as amd. by Laws of 1917, chap. 705.) The claimant was totally disabled from July 10, 1919, to April 1, 1921.

Fifteen dollars per week was the right compensation for this period. From April 1, 1921, to October 1, 1921, he earned $60 per month; from October 1, 1921, to October 1, 1922, he earned $90 per month. These, being his actual earnings, determine his earning capacity for those periods. (Workmen's Comp. Law, § 15, subd. 5-a, as added by Laws of 1930, chap. 316.) Sixty dollars per month amounts to $720 per year; one fifty-second of this, $13.85, was his weekly wage (Workmen's Comp. Law, § 14); $90 per month amounts to $1,080 per year; one fifty-second of this, $20.76, was his weekly wage. Claimant's wages at the time of his injury were $44.80 per week. It thus appears that the excess of his wages at the time he was injured above his earning capacity justified the maximum award during the entire time covered by the award.

The award was properly made, except that the award for facial disfigurement should have been rescinded and the amount paid thereunder should have been deducted from the total award.

The award should be reversed and the matter remitted for further consideration in accord with this opinion.

All concur.

Award reversed, with costs against the State Industrial Board to abide the event, and matter remitted for further consideration in accord with the opinion.