In the Matter of the Claim of LOUIS ZANGER, Appellant, against JENNINGS BAKERY-SEABURY BAKERY, INC., and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the claimant-appellant from a decision of the State Industrial Board disallowing the claim of the appellant for compensation. The evidence in the record supports the decision of the State Industrial Board, which affirmed the referee and dismissed the claim. Decision unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of SIGMUND FLEISHER, Respondent, against K. & M. SPORTSWEAR, INC., and SUN INDEMNITY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board, under the Workmen's Compensation Law, for thirty-five per cent permanent loss of use of right hand due to an occupational disease. The State Industrial Board has found that claimant became disabled from traumatic arthritis of the right wrist due to the nature of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of OTTO W. BEEKMAN, Respondent, against NEW YORK EVENING JOURNAL, INC., Employer, and STATE INSURANCE FUND, Insurance Carrier, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board in the sum of $250 for a serious facial disfigurement. Claimant suffered a total loss of vision in his left eye as the result of an accident. Previous to the accident he was blind in his right eye. In addition to an award for permanent partial disability he was declared a total permanent disability case, and benefits on account thereof were directed to be paid from the Special Fund. (Workmen's Compensation Law, § 15, subd. 8.) An award for disfigurement should be based upon loss of earning capacity. (Matter of Sweeting v. American Knife Co., 226 N. Y. 199.) It is not properly made where permanent disability is found. (Clark v. Hayes, 207 App. Div. 560; affd., 238 N. Y. 553; Matter of Freeland v. Endicott Forging and Mfg. Co., 233 App. Div. 440.) Award, in so far as appealed from, reversed and claim dismissed. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.

In the Matter of the Claim of ANTHONY SYCHOWSKI, Respondent, against GREENPOINT LAUNDRY, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured in September, 1931. The award was made on April 7, 1939. Failure to give notice of the injury within the statutory period was excused by the Board as was his failure to file notice within one year. The Board found that advance payments by the employer tolled the statute. It also appears that claimant continued his services for the employer until 1935. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.