**CASE et al. v. PILLSBURY, Deputy Com'r, et al.**

No. 10749.

Circuit Court of Appeals, Ninth Circuit.

March 17, 1945.

R. P. Wisecarver, of San Francisco, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal. (Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Com., and Herbert P. Miller, Associate

Counsel, both of New York City, of counsel), for appellees.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from the lower court's decree dismissing a libel to review a compensation order and for an injunction suspending and setting aside an award of $750 for serious facial disfigurement under the Longshoremen's and Harbor Workers' Compensation Act.[1]

The libelants and appellants are L. S. Case, employer, and the Travelers Insurance Company, the insurance carrier. The appellees are the Deputy Commissioner for the Thirteenth Compensation District and the injured workman.

On October 1, 1941, David M. Young sustained injury to his right eye while employed as a carpenter in the repairing of the S.S. "West Portal" at Oakland, California. A foreign body entered the eye, causing an ulcer and loss of 80% vision. On February 12, 1943, in addition to temporary disability of $503.57, 140 weeks of compensation at $25.00 a week for permanent partial disability, the Deputy Commissioner made an award of $750 for serious facial and head disfigurement.

There is no question here as to the sufficiency of the evidence to support the Deputy Commissioner's finding that Young suffered serious facial and head disfigurement, and therefore that finding is final and conclusive.[2]

The only question for review is the proper interpretation of the Act. The appellants contend that the award of $750 for facial and head disfigurement is not in accordance with the law; that awards for facial disfigurement are allowed where there is no other compensation for the same member.

Section 8, Subdivision (c) (20) 33 U.S.C.A. § 908 provides:

"(20) Disfigurement: The deputy commissioner shall award proper and equitable compensation for serious facial or head disfigurement, not to exceed $3,500."

This subdivision is just one of a series of classifications of injuries for permanent partial disability. There is no provision in the section itself that each of the listed disabilities such as "Arm lost", "Leg lost", "Hand lost", "Foot lost", etc., is exclusive of another. It is provided [subdivision (c) (22)] that an employee may receive compensation for both the loss of a leg and an arm or for the loss or loss of use of each of any member. Subdivisions (1) to (19) under (c) provide specific awards for impairment due to loss of members and subdivision (c) (20) provides a separate award for disfigurement. The act does not provide that the award for disfigurement should be limited to those cases where no award is made for the loss of the member.

Viewing Section 908, Title 33, U.S.C.A., in its entirety, it is apparent the framers of the statute deemed facial or head disfigurement an element or damage distinct from each of the preceding classified types of disability. It is evident that Congress did not intend to make a distinction where the disability and disfigurement were concurrent. We believe there is a clear intent to allow compensation for handicaps caused by personal unsightliness separately and as in this case in addition to disability caused by the loss of use of a member of the body or head. To hold otherwise would be reading a condition into the law which is not there. The weight of authority regards disfigurement as a basis for an award separate from that made for loss or loss of use of a member itself.[3] Some jurisdictions have held otherwise but in most of those cases there is a special

[1] Title 33, U.S.C.A. §§ 901 et seq.

[2] Parker v. Motor Boat Sales, 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 184; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 258, 60 S.Ct. 544, 84 L.Ed. 732.

[3] N. Y. Central Railroad Company v. Bianc, 250 U.S. 596, 40 S.Ct. 44, 63 L. Ed. 1161; Arizona Employers' Liability Cases, 250 U.S. 400, 39 S.Ct. 553, 63 L. Ed. 1058, 6 A.L.R. 1537 [Justice Holmes' concurrence]; Seneca Coal Co. v. Carter, 85 Okl. 220, 205 P. 495; Sustar v. Penn Smokeless Coal Co., 285 Pa. 395, 132 A. 345; Ackerman v. New East 96 St. Garage, 224 App.Div. 681, 228 N.Y.S. 742; Gibbs v. Czapela, 224 App.Div. 799, 230 N.Y.S. 840; London Guarantee & Accident Co. v. Industrial Commission, 76 Colo. 155, 230 P. 598; Amalgamated Sugar Company v. Industrial Commission, 75 Utah 556, 286 P. 959; Betz v. Columbia Telegraph Co., 224 Mo.App. 1004, 24 S.W.2d 224.

statutory provision that the allowance for disfigurement shall not be in addition to other compensation. As the lower court has pointed out, the New York courts have construed the New York compensation law to allow both compensation for disability and disfigurement, and these decisions are of added weight as the Act in question was modelled after the New York Workmen's Compensation Act, Consol.Laws N.Y., c. 67.

Affirmed.