**TODD SHIPYARDS CORPORATION, a corporation, and Pacific Indemnity Company, a corporation, Libelants,**

v.

**Warren H. PILLSBURY and David R. Landy, as Deputy Commissioners, Thirteenth Compensation District, Federal Security Agency, and Clarence Rupert, Respondents.**

No. 18246.

United States District Court
S. D. California, Central Division.
Dec. 13, 1955.

Weingand & Tipton, Los Angeles, Cal., proctors for libelants.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Edwin H. Armstrong, Asst. U. S. Attys., Los Angeles, Cal., proctors for respondents Warren H. Pillsbury and David R. Landy, as Deputy Commissioners.

Grover Johnson, San Pedro, Cal., proctor for respondent Clarence Rupert.

George E. Shibley, and Ernest L. Graves, Long Beach, Cal., amici curiae.

MATHES, District Judge.

This action was brought on the law-equity side to review, enjoin enforcement of, and have set aside as "not in accordance with law", 33 U.S.C.A. § 921 (b), that portion of a compensation order under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), 33 U.S.C.A. §§ 901–950, granting Clarence Rupert $2,000 "on account of serious facial disfigurement", in addition to a full statutory award for "permanent total disability." Id. § 908 (a).

The suit should have been brought in admiralty, and upon the Court's own initiative is transferred to the admiralty docket, since the Act under which jurisdiction is invoked is part of the maritime law of the United States. Koblikin v. Pillsbury, 9 Cir., 1939, 103 F.2d 667, 670–671, affirmed, 1940, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983; cf. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839–842; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.

At pretrial hearing the parties presented a stipulation of facts and submitted the cause for decision upon briefs.

The admitted facts, as disclosed by the pretrial stipulation and the admissions made by the pleadings, are briefly these. On March 27, 1951, while performing services as a stage rigger on the Steamship Cache, afloat off shore from the yards of libelant Todd Shipyards Corporation, respondent Clarence Rupert slipped and fell a distance of approximately sixteen feet, landing on his forehead and face, thereby sustaining serious injuries, totally disabling and permanent in character and including serious facial disfigurement.

Respondent Rupert thereafter duly filed his claim for compensation, and on April 29, 1955, respondent Warren H. Pillsbury by respondent David R. Landy, Deputy Commissioner, made findings of fact and predicated thereon an award of

207% weeks' compensation at $35 per week for "temporary total disability", 33 U.S.C.A. § 908(b), from March 28, 1951, to March 18, 1955, inclusive; 6 weeks' compensation at $35 per week for "permanent total disability", id. § 908(a), from March 19, 1955, to April 29, 1955, with continuing payments thereafter for permanent total disability at the rate of $35 per week until otherwise ordered; and $50 per month to the wife of respondent Rupert for services as an attendant as long as the services may be necessary. Id. § 907(a).

In addition, the award directs the payment to respondent Rupert of the challenged sum of $2,000 "on account of serious facial disfigurement." Id. § 908(c) (20).

Libelants here object to the award for facial disfigurement, and the stipulation of the parties states that: "The sole question to be decided is whether the Deputy Commissioner, in addition to total temporary and total permanent disability, has the power and jurisdiction under Longshoremen's and Harbor Workers' Compensation Act to award additional sums on account of * * * serious facial disfigurement * * *."

■ The matter must be considered as *res integra,* since it does not appear that the question has been previously decided.

Libelants urge that the statutory scheme for compensation for disability plainly indicates that an award for "permanent total disability", 33 U.S.C.A. § 908(a), is the absolute maximum to be paid to the injured employee, and precludes any added award for facial disfigurement.

The schedule of compensation for disability to be paid to the employee is set forth in § 8 of the Act. 33 U.S.C.A. § 908. Section 8(e) covers "temporary partial disability", and provides that: "In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury in the same or another employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years." Id. § 908(e).

Section 8(b) covers "temporary total disability", and provides that: "In case of disability total in character but temporary in quality 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof." Id. § 908(b).

Section 8(c) deals with "permanent partial disability", and specifies that: "In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with subdivision (b) or subdivision (e) of this section, respectively, and shall be paid to the employee, as follows: (1) Arm lost, two hundred and eighty weeks' compensation. (2) Leg lost, two hundred and forty-eight weeks' compensation. (3) Hand lost, two hundred and twelve weeks' compensation. * * * (20) Disfigurement: The deputy commissioner shall award proper and equitable compensation for serious facial or head disfigurement, not to exceed $3,500." Id. § 908 (c).

Section 8(a) covers "permanent total disability", and provides that: "In case of total disability adjudged to be permanent 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability. Loss of both hands, or both arms, or both feet, or both legs or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts." Id. § 908(c).

■ Respondents apparently do not question that as a general proposition there can be no award for "permanent partial disability" in addition to an

award for "permanent total disability", but seek to draw a distinction between the types of "permanent-partial-disability" injuries designated in paragraphs (1) through (19) of § 8(c), and the "serious facial or head disfigurement" specified in paragraph (20).

Basis for the distinction is said to be found in the mandatory language of paragraph (20), in particular the use of "shall." However, the language throughout subdivision (c), indeed throughout § 8, appears to be in like manner mandatory. What is meant no doubt is that just as an employee "shall be paid" 212 weeks' compensation for the loss of a hand, id. § 908(c) (3), so "shall" the deputy commissioner award him "proper and equitable compensation for serious facial or head disfigurement, not to exceed $3,500", id. § 908(c) (20), provided he isn't already receiving the maximum amount of compensation payable under the Act for a disability that is both total and permanent. Id. § 908(c).

Another claimed distinction between the provisions of § 8(c) (20) and § 8(c) (1)–(19) is that while compensation for certain named injuries listed in paragraphs (1) through (19) of subdivision (c) is payable for a specified number of weeks at 66⅔% of the average weekly wages, not to exceed $35 per week, id. § 906(b), compensation for "serious facial or head disfigurement", on the other hand, is payable as a lump sum, to be fixed by the deputy commissioner. The reason for this distinction would appear obvious. As pointed out in Iacone v. Cardillo, 2 Cir., 1953, 208 F.2d 696,

> "Schedules are set up not to put a 'price' on certain parts of the human body, but to ameliorate an otherwise intolerable administrative burden by providing a certain and easily applied method of determining the effect on wage earning capacity of typical and classifiable injuries." 208 F.2d at pages 699–700.

It seems clear from the very framework of the statute itself, as Judge Garrecht pointed out in Case v. Pillsbury, 9 Cir., 1945, 148 F.2d 392, 393, that:

> "This subdivision [§ 8(c) (20), 33 U.S.C. § 908(c) (20)] is just one of a series of classifications of injuries for permanent partial disability. * * * Subdivisions (1) to (19) under (c) provide specific awards for impairment due to loss of members and subdivision (c) (20) provides a separate award for disfigurement." [148 F.2d at 393.]

The view that § 8(c) sets forth "a series of classifications of injuries for permanent partial disability", and is not applicable to cases of "permanent total disability", 33 U.S.C.A. § 908(a), finds support in the language of § 8(c) providing for "permanent partial disability", which expressly declares that awards thereunder shall be "in addition to" compensation for "temporary total disability" and for "temporary partial disability" paid in accordance with "subdivision (b) or subdivision (e) of this section, respectively"; but significantly omits any mention of subdivision (a) covering cases of "permanent total disability." Id. § 908(b) and (e) and (a).

Upon testing the soundness of the conclusion that § 8(a) (20) is not applicable in cases of "permanent total disability," it is helpful to examine decisions of the New York courts interpreting the New York statute upon which the Longshoremen's and Harbor Workers' Compensation Act is based. See: Lawson v. Suwannee Fruit & Steamship Co., 1949, 336 U.S. 198, 205, 69 S.Ct. 503, 93 L.Ed. 611; Iacone v. Cardillo, supra, 208 F.2d at page 697; Case v. Pillsbury, supra, 148 F.2d at page 394; Bethlehem Steel Co. v. Parker, D.C.Md.1947, 72 F. Supp. 35, 39, affirmed, 4 Cir., 1947, 163 F.2d 334. The provisions of the New York statute relating to disfigurement are similar to those of § 8(c) (20). See: N. Y. Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 15, subd. 3, par. t. And they have been interpreted by the New York courts to mean that an award for disability that is both total and permanent, such as was granted in the case at bar, precludes an additional award for facial or head disfigurement. See: Beekman v. New York Evening

Journal, 1939, 258 App.Div. 833, 15 N.Y. S.2d 671; Freeland v. Endicott Forging & Mfg. Co., 1931, 233 App.Div. 440, 253 N.Y.S. 597; Clark v. Hayes, 1924, 207 App.Div. 560, 202 N.Y.S. 453, affirmed, 1924, 238 N.Y. 553, 144 N.E. 888.

It is interesting, moreover, that the earliest of the New York decisions just cited was decided some years prior to adoption in 1927 of the Act here. So it may fairly be presumed that Congress was aware of the construction given the facial-disfigurement provisions of the New York law when the Longshoremen's and Harbor Workers' Compensation Act was drafted. See: Employers' Liability Assurance Corp. v. Monahan, 1 Cir., 1937, 91 F.2d 130; Terminal Shipping Co. v. Branham, D.C.Md.1942, 47 F.Supp. 561, affirmed, 4 Cir., 1943, 136 F.2d 655.

 Finally, the Longshoremen's and Harbor Workers' Compensation Act, as its name implies, is a compensation statute and invokes wage-compensation principles rather than tort principles. See: Iacone v. Cardillo, supra, 208 F.2d at page 699; Hartford Accident & Indemnity Co. v. Cardillo, 1940, 72 App.D.C. 52, 112 F.2d 11, 17, certiorari denied, 1940, 310 U.S. 649, 60 S.Ct. 1100, 84 L. Ed. 1415; Wheeling Corrugating Co. v. McManigal, 4 Cir., 1930, 41 F.2d 593, 595; Chappell v. C. D. Johnson Lumber Corp., D.C.Or.1953, 112 F.Supp. 625; Bethlehem Steel Co. v. Parker, D.C.Md. 1946, 64 F.Supp. 615.

As a compensation statute imposing upon the employer liability regardless of fault, the Act should generally be interpreted as providing for an award intended to compensate for loss of earning capacity. Any interpretation permitting an award of compensation for facial disfigurement to be superimposed upon an award for "permanent total disability" which presupposes a permanent loss of all earning capacity, would run counter to the manifest spirit and purpose of the enactment.

 If considerations of social policy argue for allowance of an additional award for "serious facial or head dis-figurement" under § 8(c) (20), 33 U.S. C.A. § 908(c) (20), in cases of "total disability adjudged to be permanent" under § 8(a)—thus applying tort rather than wage-compensation principles where such disfigurement results—this end should be accomplished by Congressional enactment and not by judicial decision. See: New York Central R. R. Co. v. Bianc, 1919, 250 U.S. 596, 40 S.Ct. 44, 63 L.Ed. 1161; Koblikin v. Pillsbury, supra, 103 F.2d at page 670.

Accordingly the award, insofar as it directs libelants to pay respondent Clarence Rupert the sum of $2,000 on account of serious facial disfigurement, must be set aside, and enforcement thereof permanently enjoined. 33 U.S.C. § 921(b).

Proctors for libelants will lodge findings of fact, conclusions of law and decree pursuant to local rule 7, West's Ann. Cal.Rules, U.S.Dist.Ct.Rules, S.D., within ten days.