**Edmund M. KORINECK, Sr., Petitioner,**

v.

**GENERAL DYNAMICS CORPORATION ELECTRIC BOAT DIVISION, Director Officer of Workers Compensation Programs and United States Department of Labor, Respondent.**

**No. 47, Docket 87–4026.**

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1987.

Decided Dec. 8, 1987.

David Neusner, Embry and Neusner, Groton, Conn. (Stephen C. Embry, on brief), for petitioner.

Norman P. Beane, Jr., Murphy & Beane, Boston, Mass. (Thomas M. Bates, on brief), for respondent.

Before PRATT and MAHONEY, Circuit Judges, and BRIGHT, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

BRIGHT, Senior Circuit Judge.

This appeal arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (LHWCA) (1982 & Supp.II 1984 & Supp.III 1985). Edmund Korineck appeals from the Benefits Review Board's decision affirming the administrative law judge's (ALJ) ruling that Korineck was not entitled to permanent partial disability benefits for a permanent hearing loss after he had already been awarded benefits for permanent total disability due to back injuries. We affirm the Board.

General Dynamics employed Korineck from 1951 until March 16, 1978. During this time, Korineck suffered a series of back injuries and as a result became temporarily totally disabled from March 16, 1978, through September 10, 1978, and permanently totally disabled from September 11, 1978. By a report dated July 27, 1979, some ten months later, Korineck learned of his work-related hearing loss which was in no way related to his back injuries. His request for benefits under the LHWCA for this additional disability was denied because Korineck already had been awarded total permanent disability benefits for the back injury. The ALJ reasoned that Korineck did not qualify for additional benefits for the hearing loss as this would constitute a double recovery. The Benefits Review Board affirmed the ALJ's decision, and Korineck appeals arguing that the decision is incorrect as a matter of law and violates the equal protection and due process clauses of the United States Constitution.

 Korineck argues essentially that even though his back injury alone is a total and permanent disability for which he receives benefits, he is entitled to additional benefits for disability beyond a total and permanent disability. Korineck relies on the wording of 33 U.S.C. § 908(c) which reads as follows:

Compensation for disability *shall be paid* to the employee as follows:

\* \* \* \*

(c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with subsection (b) or subsection (e) of this section, respectively, and shall be paid to the employee \* \* \*.

33 U.S.C. § 908(c) (Supp.III 1985) (emphasis added). Korineck contends that the emphasized language mandates that he is entitled to an award based on his hearing loss; that under this statutory scheme his post-injury earning capacity is irrelevant.

We disagree. The definitions section of the LHWCA demonstrates that the LHWCA is designed to compensate for lost wage-earning capacity. " 'Disability' means *incapacity* because of injury *to earn the wages* which the employee was receiving at the time of injury in the same or any other employment \* \* \*." *Id.* § 902(10) (emphasis added). The scheduled benefits are likewise based upon his lost earning capacity. *See* 33 U.S.C. § 908(c)(1)–(23) (1982 & Supp.II 1984 & Supp.III 1985). Indeed, the circuit noted years ago that compensation payments, such as those made under LHWCA, are made only for injuries that cause disability and therefore that presumptively affect earning power. *Iacone v. Cardillo*, 208 F.2d 696, 699 (2d Cir.1953) (citing Larson, *Law of Workmen's Compensation* § 2.40 (1952)). *See also Fleetwood v. Newport News Shipbuilding and Dry Dock Co.*, 776 F.2d 1225 (4th Cir.1985) (recently focusing on the centrality of wage-earning capacity to the LHWCA).

That Congress provided a schedule prescribing benefits for certain disabilities does not justify a conclusion that a claimant becomes entitled to those benefits if already receiving compensation for total permanent disability. The schedule sets a presumptive loss of earning power for spe-

cific defined injuries, thus freeing the injured worker from the inconvenience of having to litigate and prove a loss of earning power each time he or she is injured. *See Potomac Elec. Power Co. v. Director of Workers' Compensation Programs*, 449 U.S. 268, 281–82, 101 S.Ct. 509, 516, 66 L.Ed.2d 446 (1980) (hereinafter *PEPCO*) (discussing the basic compromise inherent in workers' compensation statutes). The statute does not mandate that this predetermined amount must be paid when the claimant is already compensated for a total permanent disability. Indeed, the statute suggests the contrary where it indicates in 33 U.S.C. § 908(c) that the amount to be paid "shall be in addition to compensation for temporary total disability or temporary partial disability." In *Rupert v. Todd Shipyards Corp.*, 239 F.2d 273 (9th Cir. 1956), the Ninth Circuit, adopting the district court's opinion, affirmed the denial of benefits under the schedule, 33 U.S.C. § 908(c)(20), for facial disfigurement resulting from a fall when the claimant already received benefits for total permanent disability due to injuries sustained in the same fall. That court reasoned,

> As a compensation statute imposing upon the employer liability regardless of fault, the Act should generally be interpreted as providing for an award intended to compensate for loss of earning capacity. Any interpretation permitting an award of compensation for facial disfigurement to be super-imposed upon an award for 'permanent total disability' which presupposes a permanent loss of all earning capacity, would run counter to the manifest spirit and purpose of the enactment.

*Id.* at 276–77. We agree with this analysis and find it equally applicable to the hearing loss at issue here.

Korineck cites no persuasive authority in support of his position. We do not agree

that *PEPCO, supra,* mandates payment for a scheduled injury regardless of whether claimant is already receiving benefits for permanent total disability. The Court in *PEPCO* considered the narrow issue whether the schedule of benefits contained in section 908(c) is exclusive for a scheduled injury or if a claimant could proceed under section 908(c)(21) by showing a greater loss of earning capacity. The Court held that the claimant must proceed under the schedule. Any language in that opinion indicating that benefits "shall be paid" under the schedule must be read in this context and thus simply does not support Korineck's position.

■ Korineck's constitutional claims are likewise without merit. He claims that the LHWCA impermissibly denies benefits to those persons who suffer from a work-related disability discovered after they have been rendered totally permanently disabled by another unrelated injury. Korineck contends that this classification does not reasonably relate to a legitimate governmental purpose and therefore violates the due process and equal protection clauses of the United States Constitution.[1] Clearly, the classification established in the LHWCA rationally relates to a legitimate governmental interest. *See United States R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Denying additional benefits to one already receiving benefits for total permanent disability serves to avoid double recoveries and accords with the purpose of the statute to provide work benefits for lost earning capacity. Where a worker receives total permanent disability benefits under the statute, that award serves as full replacement for lost earning capacity.

1. "[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'" *Schneider v. Rusk*, 377 U.S. 163, 168[, 84 S.Ct. 1187, 1190, 12 L.Ed.2d 218] (1964); see *Frontiero v. Richardson*, 411 U.S. 677, 680 n. 5[, 93 S.Ct. 1764, 1767 n. 5, 36 L.Ed.2d 583] (1973); *Shapiro v. Thompson*, 394 U.S. 618, 641–42[, 89 S.Ct. 1322, 1335, 22 L.Ed.2d 600] (1969]; *Bolling v. Sharpe*, 347 U.S. 497[, 74 S.Ct. 693, 98 L.Ed. 884] (1954).
*United States Dep't of Agriculture v. Moreno,* 413 U.S. 528, 533 n. 5, 93 S.Ct. 2821, 2825 n. 5, 37 L.Ed.2d 782 (1973).

Accordingly, we agree with the ALJ's interpretation of the LHWCA and, finding no violation of equal protection or due process, we affirm the decision of the Benefits Review Board denying Korineck additional compensation for his hearing loss.

PRATT, Circuit Judge:

I concur.

MAHONEY, Circuit Judge:

I concur.