**FMC CORPORATION, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Robert A. Whitcomb, Respondents.**

No. 88–7271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 30, 1989.

Memorandum July 5, 1989.

Decided Oct. 5, 1989.

Mildred J. Carmack, Schwabe, Williamson & Wyatt, Portland, Or., for petitioner.

Joshua T. Gillelan, II, Dept. of Labor, Washington, D.C., for respondents.

Before GOODWIN, Chief Judge, BRUNETTI and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

## I

Claimant Whitcomb began working for FMC in 1975, at which time he told his employer that he had bursitis in his right shoulder. Whitcomb also had a heart murmur which he did not disclose. In 1976, while working for FMC, Whitcomb sustained an employment related lower back injury which eventually required disc surgery and for which he was awarded temporary total disability benefits. During Whitcomb's convalescence, it was discovered that Whitcomb also had pre-existing arthritis. In 1982, FMC sought modification of Whitcomb's award, requesting, in part, relief under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f). Section 8(f) provides that where an employee is permanently and *totally* disabled, and the disability is found not to be caused solely by the injury incurred on the job, the employer's liability is limited to compensation for the applicable prescribed period, or for 104 weeks, whichever is greater.

The ALJ denied FMC section 8(f) relief, holding that it was precluded from raising this basis for relief since it failed to raise this issue at the first hearing. FMC appealed to the Benefits Review Board (the "Board"). The Board found that the ALJ had erred in finding FMC's section 8(f) claim untimely, but held the error to be harmless "as there is no evidence that claimant's pre-existing back condition was manifest to the employer." The Board further found that Whitcomb's pre-existing heart murmur and right shoulder bursitis were unrelated to Whitcomb's back injury, and also that the evidence did not show that they combined with it to create a greater degree of permanent disability.

FMC appeals the denial of section 8(f) relief.

## II

Appellant contends that Whitcomb's heart murmur and bursitis were manifest and prevent his back injury from being the sole cause of his disability. In addition, it seeks relief because of Whitcomb's pre-existing osteoarthritis.

In *Director, Office of Workers' Compensation Programs v. Cargill, Inc.*, 709 F.2d 616, 619 (9th Cir.1983), this court held that for an employer to be eligible for section 8(f) relief, it must show that (1) the claimant had an existing permanent partial disability prior to the last injury; (2) that the disability was manifest to the employer prior to the last injury; and (3) that the later disability subject to the compensation claim was not due solely to the most recent injury. FMC argues that contrary to the Board's findings, both the heart murmur and the bursitis, either separately or together, created a greater degree of disability in Whitcomb than would have his back injury alone.

Whitcomb's bursitis and heart murmur fail to justify relief under section 8(f) because they do not meet the third factor of *Cargill.* In its briefs FMC relies chiefly on the testimony of a vocational rehabilitation consultant, Lipnicki, who stated that he believed that the combination of bursitis, heart condition, and arthritis led to greater disability. Even if Lipnicki's medi-

cal evaluations were substantive evidence, his testimony does not state that Whitcomb's back condition alone did not cause Whitcomb's permanent total disability. At most, his testimony only indicates that all of his ailments create a greater disability than would his back injury alone.

 Appellant also cites evidence that Whitcomb's present disability was due more to his osteoarthritis than to his back injury. However, such testimony cannot be used for section 8(f) relief because Whitcomb's osteoarthritis was not manifest prior to the injury and thus fails to meet the second requirement of *Cargill.*

AFFIRMED.