DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

Vincent LUCCITELLI and Walter Reiss, Claimants–Respondents,

General Dynamics Corporation, Employer–Respondent.

No. 984, Dockets 91–4174, 91–4202.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1992.

Decided May 27, 1992.

Norman P. Beane, Jr., Boston, Mass. (Murphy & Beane, Diane M. Broderick, of counsel), for employer-respondent General Dynamics Corp.

Laura J. Stomski, Atty., U.S. Dept. of Labor, Washington, D.C. (Marshall J. Breger, Sol. of Labor, Carol A. De Deo, Associate Sol., U.S. Dept. of Labor, Janet R. Dunlop, counsel for Longshore, of counsel), for petitioner.

Before: FEINBERG and MINER, Circuit Judges, HAIGHT, District Judge.*

FEINBERG, Circuit Judge:

The Director of the Office of Workers' Compensation Programs (the Director) peti-

---

* Honorable Charles S. Haight, Jr., United States District Judge for the Southern District of New York, sitting by designation.

tions for review of two final orders of the Benefits Review Board of the United States Department of Labor (the Board) granting respondent General Dynamics Corp. relief from its compensation liability under § 8(f), 33 U.S.C. § 908(f), of the Longshore and Harbor Workers' Compensation Act (the Act). The Director argues that the Board erred in applying the standard for determining whether an employer has satisfied the contribution requirement of § 8(f). For the reasons set forth below, we reverse and remand for further proceedings.

## I. Background

### A. *Statutory Background*

■ The Act is a workers' compensation statute fixing disability benefits for maritime workers injured on the job. Under the Act's aggravation rule, if an employment injury aggravates or combines with a pre-existing impairment, the employer is liable not only for the disability resulting from the employment injury but also for the employee's total resulting disability. See *Director, OWCP v. General Dynamics Corp. (Krotsis)*, 900 F.2d 506, 508 (2d Cir. 1990). If this rule stood alone, it "would create a strong disincentive for an employer to hire handicapped workers for fear of liability were their preexisting disabilities to be aggravated at work." *Id.*

Section 8(f) was enacted to alleviate these employer fears. After an employee has shown that he or she is entitled to disability compensation, the employer may provide evidence entitling it to § 8(f) relief, which limits the employer's compensation liability. Section 8(f) provides that if an employee with a pre-existing partial disability sustains a subsequent work-related injury resulting in a total permanent disability, "found not to be due solely to that injury," the employer's compensation liability will be limited to a specified period of time. The remaining compensation is paid by a special fund, established pursuant to 33 U.S.C. § 944 and consisting of payments from self-insured employers and insurance carriers.

### B. *Vincent Luccitelli*

In 1980, claimant Vincent Luccitelli, an employee of General Dynamics, injured his left knee at work when he knelt on a double-headed nail and jumped up abruptly. Luccitelli was unable to continue working due to persistent pain and filed a claim seeking total disability compensation under the Act. After a hearing, Administrative Law Judge (ALJ) David W. Di Nardi found that Luccitelli was unable to return to work as a result of the work-related left-knee injury and granted him total disability benefits. Those benefits are not in dispute.

The ALJ also found that Luccitelli had injured his right knee in 1966 in a non-work related injury and that this right-knee injury was a pre-existing permanent partial disability. The ALJ stated that an employer is entitled to § 8(f) relief if a claimant's pre-existing disability "combined with the subsequent injury to produce ... a disability greater than that resulting from the first injury alone." After noting that Luccitelli's permanent total disability was "the result of the combination" of his pre-existing right-knee injury and his work-related left-knee injury, the ALJ held that General Dynamics was entitled to § 8(f) relief.

The Director appealed the award of § 8(f) relief to the Benefits Review Board, arguing that the ALJ had applied the wrong standard. The Board held that an employer may satisfy the § 8(f) contribution requirement by "medical or other evidence demonstrating that claimant's pre-existing permanent partial disability in combination with his work injury renders him more disabled than by the subsequent injury alone." The Board noted that the doctor who examined Luccitelli found that he had a 15 percent disability due to his work-related left-knee injury and a 10 percent permanent partial disability due to his pre-existing right-knee injury. The doctor had also stated that "the disability in claimant's right knee makes his total disability materially and substantially greater than it would be if he had injured his left knee alone...." Accordingly, the Board upheld the ALJ's award of § 8(f) relief to General Dynamics.

## C. *Walter Reiss*

Claimant Walter Reiss, an employee of General Dynamics, began to experience back pain in 1984 after lifting a heavy object at work. After recuperating for a month, Reiss returned to work without any restrictions. In 1985, Reiss injured his back again and was diagnosed as a having a 10 to 15 percent disability as a result of the injury. He later returned to light duty work but that light duty position was thereafter eliminated and he has since been unable to find employment within light duty restrictions. After a hearing, ALJ Gerald M. Tierney found that Reiss was unable to return to work due to his back injury and that the disability was total in the absence of suitable alternative employment. This finding is not in dispute. The ALJ also held that General Dynamics was entitled to § 8(f) relief because "the Employer has proven the second injury combined with the first to produce permanent total disability."

The Director appealed the award of § 8(f) relief to the Board, arguing that the medical opinion offered by General Dynamics and relied upon by the ALJ failed to state that Reiss' second injury was not sufficiently debilitating by itself to cause his permanent total disability. The Board rejected the Director's arguments, stating that it had already considered them in its opinion in Luccitelli's case. The Board noted that the doctor who examined Reiss found that he had a 7½ percent permanent partial impairment of the back due to his 1984 injury and a 7½ percent permanent partial impairment due to the 1985 injury. The doctor also stated that "the 1984 back injury renders claimant's back disability materially and substantially greater than it would have been had claimant sustained only the July 1985 back injury." Accordingly, the Board upheld the ALJ's award of § 8(f) relief to General Dynamics.

## II. Discussion

It is clear that the first two requirements for § 8(f) relief are: (1) the employee had a pre-existing permanent partial disability; and (2) this disability was manifest to the employer prior to the subsequent injury. See, e.g., *C & P Tel. Co. v. Director, OWCP*, 564 F.2d 503, 514 n. 10 (D.C.Cir.1977). At issue here is the third requirement, which relates to the effect of a subsequent work-related injury. The Director contends that the Board has permitted employers to meet the third requirement by establishing merely the percentage of impairment from a claimant's pre-existing disability and the percentage of impairment from the subsequent injury. If the addition of those percentages is greater than the percentage of impairment from the subsequent injury alone, then, according to the Director, the Board grants § 8(f) relief. Since the pre-existing disability and the subsequent injury will always create a greater disability, the Director maintains that the Board's standard allows employers to show merely that a claimant had a pre-existing disability and then suffered a second injury.

The clear language of § 8(f) provides that in order for an employer to limit its liability, a claimant's total permanent disability must be "found not to be due solely" to the subsequent injury. The Board found that if there is evidence "which indicates that the pre-existing disability contributed to claimant's inability to work, his permanent total disability is *ipso facto* 'not due solely to the work injury.'" The Board's standard gives no effect to the words "found not to be due solely to that [subsequent] injury" and effectively eliminates this requirement, collapsing it with the requirement that the claimant had a pre-existing disability.

Under the Board's test, the question whether the total disability is due solely to the subsequent injury is never reached. An employer may receive § 8(f) relief even though the subsequent injury alone would have totally disabled the claimant. We believe this is contrary to the statutory requirement. In Luccitelli's case, for example, it is possible that had he never injured his right knee, his subsequent left-knee injury would still have totally disabled him, but the doctor (and the Board) made no finding as to that possibility. If the later left knee injury alone was enough to totally

disable Luccitelli, it should be irrelevant that his pre-existing right-knee injury made his total disability even greater. The same observations apply to Reiss' two back injuries.

Other circuit courts that have considered the issue have reached a similar conclusion. In *FMC Corp. v. Director, OWCP*, 886 F.2d 1185 (9th Cir.1989), the employer argued that it was entitled to § 8(f) relief because the claimant's subsequent back injury "created a greater degree of disability" than he had from various pre-existing conditions. 886 F.2d at 1186. The Ninth Circuit held that the employer's vocational consultant failed to "state that [claimant's] back condition alone did not cause [claimant's] permanent total disability. At most, his testimony only indicates that all of [claimant's] ailments create a greater disability than would his back injury alone." *Id.* at 1187.

Similarly, the Fifth Circuit recently rejected a " 'common sense test' which presumes that when a claimant who had a history of back problems previous to his employment suffers a work-related injury to his back, the current disability is not due solely to the employment injury." *Two "R" Drilling Co. v. Director, OWCP*, 894 F.2d 748, 750 (5th Cir.1990) (per curiam). The court found that this argument "reads the third element of proof [that the current disability not be due solely to the subsequent injury] out of the law" because it collapses that element with the requirement that the employee have had a pre-existing disability. *Id.* See also *John T. Clark & Son of Maryland, Inc. v. Benefits Review Board*, 621 F.2d 93, 95 n. 2 (4th Cir.1980) ("Where a subsequent injury and its effects are alone sufficient to cause permanent total disability the mere presence of a pre-existing disability will not warrant contribution from the special fund.").

We hold that in order to limit its liability and obtain § 8(f) relief, an employer must show, by medical or other evidence, that a claimant's subsequent injury *alone* would not have caused the claimant's total permanent disability. Since the Board in both Luccitelli's and Reiss' cases did not apply the proper standard, we reverse the award of § 8(f) relief in both cases and remand for further proceedings consistent with this opinion.[1]

---

1. The Director also urges us to reconsider and reverse our decision in *Director, OWCP v. General Dynamics Corp. (Krotsis)*, 900 F.2d 506, 510 (2d Cir.1990), in which we held that the Director's interpretations of the Act are not entitled to more deference than those of the Board. The Director contends that two subsequent Supreme Court decisions, *Martin v. Occupational Safety and Health Review Comm'n*, — U.S. —, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991), and *Pauley v. BethEnergy Mines, Inc.*, — U.S. —, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991), have rejected the reasoning of *Krotsis*. Without expressing any view on the merit of the Director's position, we do not believe it is necessary or appropriate, in view of our disposition of this case, to reexamine our holding in *Krotsis* at this time.