21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
J.M. MARTINAC SHIPBUILDING CORPORATION; Insurance Company
of North America, Respondents.
 No. 92-70441.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided April 25, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Director, Office of Workers' Compensation Programs, United States Department of Labor ("Director"), appeals the Benefits Review Board's ("BRB") affirmance of an Administrative Law Judge's ("ALJ") determination that J.M. Martinac Shipbuilding Co. ("Martinac"), through its insurance carrier, Insurance Company of North America ("INA"), was entitled to special fund relief under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. Sec. 908(f) (1988). The ALJ ruled that Martinac employee, Anthony Woodard's, preexisting conditions contributed to his permanent disability, thus qualifying INA for special fund relief.
 
 
 3
 The Director contends that the BRB relied on an improper legal standard in affirming the ALJ and that the ALJ's decision was not based on substantial evidence. We have jurisdiction under 33 U.S.C. Sec. 921(c). We affirm.
 
 STANDARD OF REVIEW
 
 4
 This court reviews BRB decisions for "errors of law and adherence to the substantial evidence standard." Port of Portland v. Director, OWCP, 932 F.2d 836, 838 (9th Cir.1991). The BRB must accept the ALJ's findings unless they are contrary to law, irrational or unsupported by substantial evidence. Id. "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1145 (9th Cir.1991) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We conduct an independent review to determine if the ALJ's findings were based on substantial evidence. Id. at 1144. Thus, we must determine whether the BRB adhered to the pertinent case law, and upon independent review, whether the ALJ's findings that INA qualified for the cost-sharing provision of section 908(f), regarding Woodard's injuries, was based on substantial evidence.
 
 DISCUSSION
 
 5
 The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 908(f) (1988), provides in part, that "where an employee is permanently and totally disabled, and the disability is found not to be caused solely by the injury incurred on the job, the employer's liability is limited to a maximum of 104 weeks." E.P. Paup Co. v. Director, OWCP, 999 F.2d 1341, 1352 (9th Cir.1993) (citing FMC Corp. v. Director, OWCP, 886 F.2d 1185, 1186 (9th Cir.1989)). After 104 weeks, liability shifts from the employer to a special fund established by 33 U.S.C. Sec. 944 (1988). Id. The purpose of section 908(f) is to encourage employers to hire partially disabled employees. Lockheed Shipbuilding, 951 F.2d at 1144.
 
 
 6
 In order to be eligible for section 908(f) relief, an employer must show that "(1) the claimant had an existing permanent partial disability prior to the last injury; (2) that the disability was manifest to the employer prior to the last injury; and (3) that the later disability that is the subject of the compensation claim was not due solely to the most recent injury." Director, OWCP v. Cargill, Inc., 709 F.2d 616, 619 (9th Cir.1983) (en banc). The parties concede that Woodard's knee and foot injuries met the first and second criteria.
 
 
 7
 The sole issue in this case pertains to the third criterion, which deals with the effect of the subsequent work-related injury. The Director contends that the BRB erred because it based its affirmance of the ALJ on an incorrect legal standard, and that the ALJ's decision was not based on substantial evidence.
 
 
 8
 In order to meet the third criterion for section 908(f) relief, the employer must demonstrate that the second injury alone did not cause permanent total disability. E.P. Paup Co., 999 F.2d at 1353 (citing FMC Corp. v. Director, OWCP, 886 F.2d 1185, 1186-87 (9th Cir.1989)). It is not sufficient if the evidence indicates only that the two injuries create a greater disability than would the later injury alone. Id. "[A]n employer must show, by medical or other evidence, that a claimant's subsequent injury alone would not have caused the claimant's total permanent disability." Director, OWCP v. Luccitelli, 964 F.2d 1303, 1306 (2d Cir.1992), cited with approval in E.P. Paup Co., 999 F.2d at 1353 (9th Cir.1993). "If the later injury was enough to totally disable [Woodard], it is not relevant that his preexisting [injuries] made his total disability even greater." E.P. Paup Co., 999 F.2d at 1353.
 
 
 9
 Review of the record and the evidence presented demonstrate that the ALJ's granting of section 908(f) relief was based on substantial evidence. Review of the medical reports, vocational reports, and testimony demonstrate that it was the combination of the neck injury and the preexisting foot and knee injuries that permanently disabled him from engaging in any further employment. There is substantial evidence to support a finding that the neck injury alone did not cause Woodard's total permanent disability.
 
 CONCLUSION
 
 10
 Although the BRB may not have correctly stated the standard as set forth in E.P. Paup Co., supra, its decision was correct. The ALJ's findings concerning the injuries were supported by substantial evidence and justified granting section 908(f) relief.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3