122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TODD PACIFIC SHIPYARDS CORPORATION and Aetna Casualty &
Surety Company, Petitioners,
v.
DIRECTOR, Office of Workers Compensation Programs and Bobbie
Joe Garrison, Respondents.
 No. 96-70192.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1997.**
Decided Aug. 19, 1997.
 
 Petition for Review of an Order of the Benefits Review Board
 Before: REAVLEY,*** O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bobbie Joe Garrison suffered a back injury in 1981 while in the employ of Todd Pacific Shipyards Corp. His compensation, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et. seq., was resolved by agreement on his permanent partial disability. This appeal is taken by Todd Pacific and its insurance carrier to review the order of the Benefits Review Board, affirming a decision of the administrative law judge, denying contribution from the second injury fund, § 908(f) of the Act.
 
 
 3
 To obtain second injury fund relief, the employer must prove (1) that the injured worker had an existing physical disability manifest to the employer prior to the last injury and (2) that the later disability warranting the compensation claim was not due solely to the most recent injury.[1] The statute further requires the employer to prove, where the employee has a permanent partial disability, that "such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone." § 908(f)(1).
 
 
 4
 The Board affirmed the denial of relief on the ALJ finding, supported by the opinion of a panel of doctors, that "claimant's present disability is not materially and substantially greater than that which would have resulted from the May 21, 1981 injury, and the surgical treatment alone." Because the Board's decision is consistent with the law, rational and supported by substantial evidence,[2] we affirm.
 
 
 5
 Todd Pacific advances this confused argument: a pre-existing disability necessarily adds to the disability resulting from the employment injury--unless the later injury would have caused total disability anyway. If the final disability is only partial, at least some of that disability existed before the later injury. However, the total disability cases are different and of no precedential force; because if the second injury has itself caused total disability, the prior disability could not contribute anything more.
 
 
 6
 That befuddlement comes from a failure to recognize the difference between physical and economic disability. The pre-existing disability, was physical,[3] but the present disability, that which we want to factor, is the compensable loss of earning capacity.[4] A prior physical impairment may not contribute to the inability to earn wages, not unless that impairment causes a subsequent disability materially and substantially greater than that which would have resulted from the later job related injury alone.
 
 
 7
 We also agree with the Board that the letter from the orthopedist, Dr. Nacht, saying that Garrison's back disorder and hearing loss make him extremely difficult to employ, does not establish that Garrison's present economic disability is materially and substantially greater as a result of his hearing loss.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 See FMC Corporation v. Director, Office of Workers' Compensation Programs, 886 F.2d 1185, 1186 (9th Cir.1989). (9th Cir.1989)
 
 
 [2]
 See E.P. Paup Co. v. Director, OWCP, 999 F.2d 1341, 1352 (9th Cir.1989)
 
 
 [3]
 See Lawson v. Suwanee Fruit & Steamship Co., 336 U.S. 198, 69 S.Ct. 503 (1949)
 
 
 [4]
 Todd Pacific argues as if total disability were death or total infirmity, and partial disability were anything less