**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLUB LEVEL, INC.; RYAN FILA, a
single man,

          Plaintiffs - Appellants,

 v.

CITY OF WENATCHEE, a municipal
corporation; WENATCHEE POLICE
DEPARTMENT, an agency of the City of
Wenatchee; TOM ROBBINS, in his
individual capacity as Chief of the
Wenatchee Police Department; KEVIN
DRESKER, in his individual capacity as a
Captain of the Wenatchee Police
Department; CHERI SMITH, in her
individual capacity as a Sergeant of the
Wenatchee Police Department; MARK
HUSON, in his individual capacity of the
Wenatchee Police Department,

          Defendants - Appellees.

No. 13-35781

D.C. No. 2:12-cv-00088-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 4, 2015
Seattle, Washington

Before: O'SCANNLAIN, EBEL[**], and McKEOWN, Circuit Judges.

Ryan Fila and his nightclub, Club Level, appeal from the district court's grant of summary judgment in favor of the City of Wenatchee, the Wenatchee Police Department, and several individual police officers (collectively, "the defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Fila argues that the defendants violated his constitutional right to pursue his occupation of choice. To prevail on such a claim, Fila must show that he was unable to pursue a career as a nightclub operator and that such inability was due to official conduct that was "'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 65 (9th Cir. 1994) (quoting *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991)).

Fila has not put forth any evidence showing that he was unable to pursue his occupation of choice or that he was denied a license to operate his club, and his argument that he need not do so is unpersuasive. *See Henderson*, 940 F.2d at 474.

---

[**] The Honorable David M. Ebel, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Moreover, even if we assumed that Fila was driven out of the nightclub industry—or if we agreed that Fila need not satisfy the first prong of our Court's right to pursue an occupation test—Fila must still show that there exists a genuine issue of material fact over whether the defendants' conduct was reasonable. *See Wedges/Ledges*, 24 F.3d at 65; *Lebbos v. Judges of Superior Court, Santa Clara Cnty.*, 883 F.2d 810, 818 (9th Cir. 1989). Here, the record demonstrates that the defendants' actions were neither arbitrary nor unreasonable, given the long history of public disturbances associated with Club Level.

Because Fila failed to demonstrate that a genuine dispute of material fact exists over 1) whether he was prohibited from pursuing a vocation as a nightclub operator and 2) whether such a prohibition resulted from the defendants' arbitrary and unreasonable conduct, the district court correctly granted summary judgment to the defendants on Fila's substantive due process claim.

II

Fila claims that the defendants violated his First Amendment right to association by interfering in his friendship with Stephyne Silvestre. The right of intimate association protects only "highly personal relationships," *IDK, Inc. v. Clark County*, 836 F.2d 1185, 1193 (9th Cir.1988), but we have previously held that "[t]he roommate relationship easily qualifies." *Fair Hous. Council of San*

3

*Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1221 (9th Cir. 2012). Given that there is ample evidence in the record demonstrating that, for at least part of the relevant time period, Fila and Silvestre were roommates, the district court erred in granting the defendants' motion for summary judgment on the ground that Fila "failed to raise a genuine issue of material fact about whether Fila's relationship with Silvestre qualifies as a protected association."

However, "we may affirm based on any ground supported by the record." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). Here, Fila has failed to proffer evidence that he has suffered injury as a result of the alleged police conduct. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F. 2d 1350, 1355–56 (9th Cir. 1981) (noting that § 1983 claims require a plaintiff to show injury that was proximately caused by the defendant's conduct). Fila points to no record evidence to support his allegation that police behavior caused him to "sustain[] mental anguish as well as financial damages."

Because Fila has failed to produce any evidence of injury as a result of the police's alleged interference in his relationship with Silvestre, the district court properly granted summary judgment to the defendants on Fila's First Amendment claim. *See id.* at 1355 ("In a section 1983 cause of action the plaintiff must show that the defendants have deprived him of a right.").

4

III

Fila claims that the defendants violated his constitutional right to be free from unreasonable searches. To prevail on such a claim, Fila must show that he had a subjective expectation of privacy in the area searched and that such expectation was objectively reasonable. *See United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007). While a reasonable expectation of privacy exists in a commercial setting, it "is different from, and indeed less than, a similar expectation in an individual's home." *New York v. Burger*, 482 U.S. 691, 700 (1987). Moreover, such a reasonable expectation "is particularly attenuated in . . . 'closely regulated' industries," such as state-licensed, liquor-serving nightclubs. *Id.*

In light of Washington law regulating liquor licensing, Fila and Club Level did not have a reasonable expectation of privacy in a cordoned-off area of Club Level that was open to club employees. *See* Wash. Rev. Code § 66.28.090 ("All licensed premises used in the manufacture, storage, or sale of liquor . . . shall at all times be open to inspection by any liquor enforcement officer, inspector or peace officer."); Wash. Admin. Code § 314–01–005 (defining "[l]icensed premises" as "all areas of a premises under the legal control of the licensee and available to or used by customers *and/or employees* in the conduct of business operations"

5

(emphasis added)). Therefore, the district court properly granted summary judgment to the defendants on Fila's Fourth Amendment claim.

IV

Finally, Fila and Club Level challenge the district court's order denying their third motion to compel discovery. We review a trial court's rulings on discovery disputes for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

Entries in the Ninth Amended Privilege Log ("the Log") pertaining to privileged emails disclosed the nature of the correspondence, the date of sending, the sender and recipient(s), and a brief statement describing the subject of the content. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (stating that privilege log containing such information sufficed to assert attorney-client privilege). Because the district court reasonably determined that the Log complied with the requirements of Federal Rule of Civil Procedure 26(b)(5), it did not abuse its "broad discretion" when it denied the Fila's third motion to compel. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).[1]

**AFFIRMED.**

---

[1] Because each of Fila's claims fails on the merits, we need not address qualified immunity.