NOT FOR PUBLICATION

FILED



DEC 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JONES STEVEDORING COMPANY, | ) ) ) | No. 16-70549 |
| Petitioner, | ) ) | BRB No. 2015-0182 |
| v. | ) ) ) | MEMORANDUM* |
| STEVEN POPOVICH; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, | ) ) ) ) ) | |
| Respondents. | ) ) | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted November 6, 2017**
Portland, Oregon

Before: FERNANDEZ and W. FLETCHER, Circuit Judges, and TIGAR,***
District Judge.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

Jones Stevedoring Company petitions for review of the decision of the United States Department of Labor Benefits Review Board (BRB) which affirmed the decision of the Administrative Law Judge (ALJ) that denied Jones Stevedoring's application for relief under 33 U.S.C. § 908(f) (commonly and hereinafter referred to as "§ 8(f) relief"[1]).  We affirm.

Steven Popovich suffered a severe shoulder injury while working for Jones Stevedoring, which, as the BRB held,[2] rendered him permanently, totally disabled.  Jones Stevedoring does not dispute the disability determination.  What it does assert, however, is that the BRB erred when it determined that Jones Stevedoring was not entitled to § 8(f) relief.  We disagree.  We have reviewed the record and are satisfied that the decisions of the ALJ and the BRB are supported by substantial evidence and do not bespeak errors of law.  *See E.P. Paup Co. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, 999 F.2d 1341, 1347, 1352–54 (9th Cir. 1993); *see also Fenske v. Serv. Emps. Int'l, Inc.*, 835 F.3d 978, 980 (9th

---

[1] *See* Longshoremen's and Harbor Workers' Compensation Act, ch. 509, § 8(f), 44 Stat. 1424, 1429 (1927).

[2] The BRB "is required to 'accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence.'" *Stevedoring Servs. of Am. v. Dir., Office of Workers' Comp. Programs*, 297 F.3d 797, 801 (9th Cir. 2002) (citation omitted).

Cir. 2016) (indicating that this court owes some deference to the position of the Director, Office of Workers' Compensation Programs, as presented in her brief before us); *Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 832 (9th Cir. 2012) (en banc) (same).

Here, Jones Stevedoring did not show that Popovich's "'current disability is not due solely to the most recent injury.'" *E.P. Paup*, 999 F.2d at 1352 (citation omitted). Substantial evidence supports the BRB's determination that Popovich's shoulder injury was sufficient by itself to render him totally, permanently disabled, and, at most, his other "ailments [just] create a greater disability than would" the shoulder injury alone. *FMC Corp. v. Dir., Office of Workers Comp. Programs*, 886 F.2d 1185, 1187 (9th Cir. 1989); *see also E.P. Paup*, 999 F.2d at 1353. The evidence supports the determination that the shoulder injury disabled Popovich from supporting himself if he started to fall, and the danger of falling was endemic to his job. That alone made his disability substantial and permanent, while the other injuries merely increased the risk that he would fall. Thus, Jones Stevedoring did not meet the § 8(f) standard.[3]

AFFIRMED.

---

[3]We do note that Popovich had some degenerative changes in his shoulder before this injury took place, and those may have contributed to the injury itself. However, they were not manifest to Jones Stevedoring at the time of the injury and, therefore, do not help its case. *See E.P. Paup*, 999 F.2d at 1352; *Bunge Corp. v. Dir., Office of Workers Comp.*, 951 F.2d 1109, 1111 (9th Cir. 1991).

3