**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XAVIER HERNANDEZ,<br><br>              Petitioner,<br><br>   v.<br><br>NATIONAL STEEL & SHIPBUILDING COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,<br><br>              Respondents. | No.   18-72944<br><br>BRB No. 18-0222<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted June 11, 2019[**]

Before:      WALLACE, FARRIS, and TROTT, Circuit Judges.

Xavier Hernandez petitions for review of the United States Department of

Labor's Benefits Review Board's decision and order affirming an administrative

law judge's ("ALJ") decision and order awarding benefits under the Longshore and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Harbor Workers' Compensation Act. We have jurisdiction under 33 U.S.C. § 921(c). We review the Board's decision on questions of law de novo, and its review of the ALJ's factual findings for adherence to the substantial evidence standard. *Fenske v. Serv. Emps. Int'l, Inc.*, 835 F.3d 978, 980 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the Board's decision and the ALJ's finding that Hernandez established a 25% permanent partial disability of his left lower extremity but failed to show that a work-related injury to his back and hip was disabling. *See* 33 U.S.C. § 902(10) (defining disability); *Christie v. Georgia-Pac. Co.*, 898 F.3d 952, 956 (9th Cir. 2018) (the ALJ must determine whether claimant's work injury caused a loss of earning capacity). The ALJ reasonably interpreted Dr. Raiszadeh's report as not restricting Hernandez from working based on his hip and back injury because, after examining Hernandez's back and reviewing his medical records, Dr. Raiszadeh diagnosed both a left knee condition and a back condition, but did not specify which of these conditions led to the limitations that he assessed. *See Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999) (holding that ALJ's findings must be accepted unless they are contrary to the law, irrational, or unsupported by substantial evidence). Hernandez had the burden to establish by a preponderance of evidence that he had restrictions due to his back and hip condition that render him unable to perform his usual work.

The ALJ determined that Hernandez did not meet his burden. The Board affirmed the ALJ's determination because it was "rational and supported by substantial evidence." We detect no error in either conclusion.

**PETITION FOR REVIEW DENIED.**